IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| SEBASTIAN MUSIC GROUP, INC. d/b/a SEBASTIAN MUSIC PUBLISHING, et al., <br><br>         Plaintiffs <br><br>              v. <br><br> RAMON LUIS AYALA-RODRIGUEZ a/k/a DADDY YANKEE, et al., <br><br>         Defendants |

CIVIL NO. 07-1436 (JP)

**OPINION AND ORDER**

Before the Court are two motions to dismiss filed by Defendants Ramon Luis Ayala-Rodriguez (hereinafter, "Daddy Yankee"), El Cartel Records, and Los Cangris Music Publishing (collectively, "Defendants") (Nos. 11 and 21).  Plaintiffs Sebastian Music Group, Inc., d/b/a Sebastian Music Publishing, and Eliel Lind Osorio (hereinafter, "DJ Eliel") filed the instant complaint alleging that, in July 2004, Defendant Daddy Yankee submitted multiple registration forms to the United States Copyright Office claiming full authorship rights of the musical compositions and sound recordings for the songs "Lo que Pasó, Pasó" and "Cuéntame."  Plaintiffs allege that said songs were joint collaborations between Daddy Yankee and DJ Eliel, and Daddy Yankee filed the registrations without DJ Eliel's consent and without recognizing his ownership rights as a joint author. Defendants brought the instant motions to dismiss, arguing that

CIVIL NO. 07-1436 (JP)            -2-

Plaintiffs' complaint does not meet the requirements set forth in 17 U.S.C. Section 411(a) for copyright complaints. Specifically, Defendants allege that a certificate of registration or denial from the United States Copyright Office has yet to be issued. Without said certificate, Plaintiffs argue, the Court lacks jurisdiction to entertain the instant claim. For the reasons stated herein, Defendants' motions (**Nos. 11 and 21**) are **DENIED**.

### I. FACTUAL ALLEGATIONS

Plaintiffs allege that from October 2003 to March 2004, Defendant Daddy Yankee and Plaintiff DJ Eliel collaborated on two musical compositions entitled "Lo que Pasó, Pasó" and "Cuéntame" which are featured on Daddy Yankee's albums "Barrio Fino" and "Barrio Fino En Directo." Said albums have sold millions of copies worldwide. Plaintiffs allege that DJ Eliel authored the music for the songs "Lo que Pasó, Pasó" and "Cuéntame" as featured on the above-named albums. The songs were joint works of Daddy Yankee and DJ Eliel, and the albums list DJ Eliel as co-author of the two songs.

Plaintiffs allege that, on July 20, 2004, Defendant Daddy Yankee, without DJ Eliel's consent or acquiescence, registered the sound recordings of "Lo que Pasó, Pasó" and "Cuéntame" with the United States Copyright Office in certificate SR 348-713. Plaintiffs further allege that on April 13, 2005, Daddy Yankee registered the

CIVIL NO. 07-1436 (JP)          -3-

words and music of "Lo que Pasó, Pasó" and "Cuéntame" in certificate PA 1-281-843.

Plaintiffs claim that on said registration forms, Daddy Yankee fraudulently and deceitfully claimed full authorship and claimed to be the sole creator and proprietor of the words, lyrics and sound recordings of "Lo que Pasó, Pasó" and "Cuéntame." Plaintiffs claim that as co-author of said songs, DJ Eliel retained all rights to his creations in the aforementioned works, and has never transferred to Defendant Daddy Yankee any of his exclusive rights to said works.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct.

CIVIL NO. 07-1436 (JP)          -4-

at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). With this in mind, the court must then determine whether the plaintiff has stated a claim under which relief can be granted. Gastronomical Workers Union Local 610 v. Dorado Beach Hotel Corp., 476 F. Supp. 2d 99, 104 (D.P.R. 2007).

### III. **ANALYSIS**

Defendants move to dismiss, arguing that Plaintiffs' cause of action is barred because Plaintiffs failed to comply with 17 U.S.C. Section 411(a), which states that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." However, in response, Plaintiffs state that they seek relief in the form of a declaratory judgment of ownership and apportionment of profits derived from the two songs at issue. Plaintiffs argue that they do not state an infringement claim, and thus are not bound by Section 411(a) which applies only to actions for infringement. The Court will examine these arguments herein.

Copyright in a protected work vests initially in the author or authors of the work. 17 U.S.C. § 201(a). The authors of a joint work are co-owners of a copyright in the work. Id. As a general

CIVIL NO. 07-1436 (JP)            -5-

rule, the author is the party who actually creates the work; that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection. <u>Community For Creative Non-Violence v. Reid</u>, 490 U.S. 730, 737 (1989) (citing 17 U.S.C. § 102). In an action for a declaratory judgment to establish the plaintiff as the defendant's co-author and for an accounting based thereon, federal jurisdiction is exclusive. Copyright ownership by reason of one's status as a co-author arises directly from the terms of the Copyright Act itself. <u>Cambridge Literary Props. v. W. Goebel Porzellanfabrik G.M.b.H. & Co. Kg.</u>, 510 F.3d 77, n.1 (1st Cir. 2007), citing Nimmer on Copyright § 12.01[A][1][b] (2007) (endorsing the view that, in an action seeking declaratory judgment of the plaintiff as co-author and for an accounting, federal jurisdiction is exclusive because "copyright ownership by reason of one's status as co-author arises directly from the terms of the Copyright Act itself"); <u>see also</u> <u>Gaiman v. McFarlane</u>, 360 F.3d 644, 652-53 (7th Cir. 2004) (collecting cases).

Resolution of the central issue in this case depends upon the application and interpretation of the statutory definition of "joint authorship." Yet, Defendants base their arguments for dismissal on failure to comply with procedural laws set forth for infringement claims. Accordingly, because the instant case is limited to the issue of joint authorship and does not allege infringement on the

CIVIL NO. 07-1436 (JP)          -6-

part of Defendants, the Court holds that the jurisdictional prerequisites set forth in Section 411(a) are not applicable. As such, the motions to dismiss as based on jurisdictional prerequisites are denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of April, 2008.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE