IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SEBASTIAN MUSIC GROUP, INC. d/b/a SEBASTIAN MUSIC PUBLISHING, et al., <br><br> Plaintiffs <br><br> v. <br><br> RAMÓN LUIS AYALA-RODRÍGUEZ a/k/a DADDY YANKEE, et al., <br><br> Defendants | CIVIL NO. 07-1436 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs / Counter-Defendants' Sebastian Music Group, Inc. d/b/a Sebastian Music Publishing ("Sebastian Music") and Eliel Lind Osorio a/k/a DJ Eliel's ("DJ Eliel") motion to dismiss (**No. 117**) the counterclaim filed by Defendant / Counter-Claimant Francisco Saldaña a/k/a Luny ("Saldaña"). Also before the Court is Counter-Claimant Saldaña's opposition (No. 134) to Counter-Defendants' motion to dismiss. For the reasons stated herein, Counter-Defendants' motion to dismiss is **GRANTED**.

**I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Plaintiffs Sebastian Music and DJ Eliel filed the instant action pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), alleging that DJ Eliel is the co-author of two musical works for which Defendant Ramón Luis Ayala-Rodríguez ("Daddy Yankee") has filed copyright registrations claiming sole authorship.

CIVIL NO. 07-1436 (JP)          -2-

The songs at issue in Plaintiffs' complaint are titled "Cuéntame" and "Lo que Pasó, Pasó."

Plaintiffs subsequently filed an amended complaint (No. 101) in which Plaintiffs named two additional Defendants: Saldaña, and Victor Cabrera a/k/a "Tunes." Together with his answer to the amended complaint (No. 113), Defendant Saldaña filed a counterclaim alleging that he is the co-author of a number of additional songs that have allegedly been exploited for commercial gain and registered with the United States Copyright office by DJ Eliel and Sebastian Music. Saldaña alleges that said musical compositions include, but are not limited to, the titles "Dale Don Más Duro," "Intocable," "La Noche Está Buena," "Provocándome," "Caseríos," "Tu Cuerpo Me Arrebata," and "Dale Don Dale." Saldaña alleges in his counterclaim that he is entitled to a declaratory judgment establishing his co-authorship of said songs, as well as various royalty payments. Counter-Defendants Sebastian Music and DJ Eliel move to dismiss Counter-Plaintiff Saldaña's counterclaim, arguing that the claims are time-barred.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974.

CIVIL NO. 07-1436 (JP)              -3-

The United States Court of Appeal for the First Circuit has interpreted <u>Twombly</u> as sounding the death knell for the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007), quoting <u>Twombly</u>, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Counter-Defendants DJ Eliel and Sebastian Music move to dismiss on the grounds that the counterclaim is time-barred. Specifically, Counter-Defendants allege that the additional songs cited in the counterclaim were published and commercially exploited in 2003, outside of the applicable three year limitations period. Counter-Plaintiff Saldaña argues that Counter-Defendants' motion to dismiss should be denied because: (1) Counter-Defendants improperly rely upon evidence beyond the allegations in the counterclaim; and (2) the counterclaim is not time-barred because the statute of limitations was tolled.  The Court will now consider the parties' arguments in turn.

CIVIL NO. 07-1436 (JP)          -4-

### A. Statute of Limitations

#### 1. Timeliness of Counterclaim

A civil claim brought pursuant to the Copyright Act must be filed no later than three years after the claim accrued. 17 U.S.C. § 507(b). A claim accrues when the plaintiff knows or has reason to know of the act which is the basis for the claim. Santa-Rosa v. Combo Records, 471 F.3d 224, 227 (1st Cir. 2006). The First Circuit has held that in the case of a musical recording, a co-author has reason to know of the act which is the basis of his ownership claim when he finishes recording an album, or at the latest when his ownership is plainly and expressly repudiated through an act such as sales of the recording without compensation to the alleged co-author. Id. at 228.

In the instant case, Counter-Plaintiff's complaint (No. 113) does not specify dates when the alleged events took place. The songs referenced in the counterclaim are tracks from two albums: (1) "Héctor y Tito; La Reconquista;" and (2) "The Last Don." These two albums were first published and commercially exploited in 2002 and 2003, respectively. As established by the First Circuit in Combo Records, such commercially exploitation of an album suffices to put Counter-Plaintiff Saldaña on notice of his ownership claim. Because Saldaña's claim accrued by sometime in 2003, he had until no later than the same date in 2006 to file a claim regarding the songs on the

CIVIL NO. 07-1436 (JP)          -5-

albums "The Last Don" and "Héctor y Tito; La Reconquista." Because he waited until 2009, Saldaña's claims are time barred.

### 2. Introduction of Evidence in Motion to Dismiss

Counter-Plaintiff Saldaña argues that Counter-Defendants' motion to dismiss should be denied because their arguments regarding the dates of the publication of the albums in question go beyond the allegations of Saldaña's counterclaim. In particular, Counter-Plaintiff objects to Counter-Defendants' submission of photocopies of the album covers and back panels, which state their dates of publication. Saldaña argues that the Court may not consider this evidence, because analysis of a motion to dismiss must be limited to the allegations of the complaint, or in the case the allegations of the counterclaim.

"When ruling on a 12(b)(6) motion to dismiss, a district court is generally limited to considering facts and documents that are part of or incorporated into the complaint." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (internal quotations omitted). However, a narrow exception to this rule exists under certain circumstances:

> When, as now, a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).

CIVIL NO. 07-1436 (JP)          -6-

Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). In the case of Saldaña's counterclaim, among his essential allegations is the alleged fact he collaborated on a number of songs that were subsequently published and sold by Plaintiffs. Thus, the counterclaim is linked to, and dependent upon, the albums containing the songs in dispute. Counter-Defendants have submitted a photocopy of the covers and back panels of said albums. Plaintiffs have not disputed the authenticity of said documents. Under these circumstances, the album covers and back panels effectively merge into the pleadings and may be considered by the Court in the context of a motion to dismiss. Id.

Moreover, Counter-Plaintiff has not disputed the factual assertion that the albums were published and sold by 2003. Counter-Plaintiff may not avoid consideration of essential and undisputed facts relevant to the timeliness of his claim simply by neglecting to make reference to such facts in his counterclaim and his opposition to Counter-Defendants' motion to dismiss. "[T]he court's inquiry into the viability of [a plaintiff's] allegations should not be hamstrung simply because plaintiff fails to append to the complaint the very document upon which *by her own admission* the allegations rest." Id.

### 3. Tolling

Counter-Plaintiff Saldaña also argues that even if the determination is made that his claims accrued in 2003, the claims

CIVIL NO. 07-1436 (JP)          -7-

should not be time-barred because the filing of the original complaint in the instant action tolled the statute of limitations. Although Counter-Plaintiff does not offer a case from the First Circuit establishing this rule, he argues that the Court should apply the rule that the filing of a Plaintiff's original claim causes the statute of limitations on any compulsory counterclaim to be tolled.

The Court has previously acknowledged said tolling rule, which is the majority approach among courts that have considered the issue. Bonilla v. Trebol Motors Corp., 913 F.Supp. 655, 660 (D.P.R. 1995) (Pieras, J.) ("In general, the institution of plaintiff's suit would toll the statute of limitations for a compulsory counterclaim . . . but not for a permissive counterclaim."); see 6 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1419 (3d ed. 2009).

A counterclaim is compulsory if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]"  Fed. R. Civ. P. 13(a).  A counterclaim is considered to arise out of the same transaction or occurrence if:

> it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

Iglesias v. Mutual Life Ins. Co. Of New York, 156 F.3d 237, 242 (1st Cir. 1998).

CIVIL NO. 07-1436 (JP)            -8-

    In the instant case, the original claims brought by Plaintiffs Sebastian Music and DJ Eliel pertain to two songs that were published on the albums titled "Barrio Fino" and "Barrio Fino En Directo." The work of preparing the two songs relevant to the original complaint allegedly took place between October 2003 and March 2004, and the albums were released in 2004 and 2005. By contrast, the songs referenced by Counter-Plaintiff Saldaña were part of the albums "Héctor y Tito; La Reconquista" and "The Last Don," which were first published in 2002 and 2003, and were the result of work that took place earlier.

    Under either of the two tests applied by the First Circuit, the original claim and the counterclaim do not arise from the same transaction or occurrence. First, the claims do not arise from the same aggregate of operative facts because the work of preparing the two songs at issue in the original complaint was distinct from, and occurred after, the work of preparing the songs at issue in the counterclaim. The distinct sets of songs also resulted in separate albums that were released on different dates. The evidence regarding the collaboration that went into the one set of songs is distinct from the evidence regarding the work that went into the other set of songs. Second, Plaintiffs' original claims did not "activate" an otherwise dormant counterclaim on behalf of Defendant Saldaña. Saldaña could have brought a claim pertaining to the earlier songs at any point before the instant action. See id. Because the

CIVIL NO. 07-1436 (JP)             -9-

counterclaim does not arise from the same transaction or occurrence as Plaintiffs' original claims, the counterclaim is not compulsory. Therefore, the tolling rule applicable only to compulsory counterclaims does not apply. Accordingly, the Court finds that Counter-Plaintiff Saldaña's counterclaim is time-barred.

**IV. CONCLUSION**

In conclusion, the Court **GRANTS** Counter-Defendants' motion to dismiss the counterclaim. A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December, 2009.

                                                    s/Jaime Pieras, Jr.
                                                        JAIME PIERAS, JR.
                                         U.S. SENIOR DISTRICT JUDGE